UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| CARLO SANDERS | § | |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO.5:20-CV-00957 |
| | § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Allstate Fire and Casualty Insurance Company (Allstate), hereby removes this lawsuit currently pending in the County Court at Law Number 10 of Bexar County, Texas, Cause No. 2018CV01946A to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and would respectfully show the Court as follows:

### BACKGROUND

1. On December 6, 2019, Plaintiff filed his First Supplemental Petition styled *Carlo Sanders v. Christopher Pesqueda, Ruben Reyes, and Allstate Fire and Casualty Insurance Company,* in which Plaintiff joined Allstate and alleged for the first time a claim for a declaratory judgment for uninsured/underinsured motorist benefits, breach of contract, bad faith, and extra-contractual causes of action. Plaintiff continued his prosecution of his tort (car wreck case) against Co-Defendants, Christopher Pesqueda and Defendant Ruben Reyes. *See* **Exhibit A**.

2. Plaintiff served Defendant with Plaintiff's First Supplemental Petition and process on December 13, 2019, by certified mail on its registered agent. *See* **Exhibit B**.

3. On January 6, 2020, Defendant filed an Answer to this lawsuit timely in state court. *See* **Exhibit C.**

4. On February 13, 2020, Defendants' filed a Joint Motion to Sever Negligence Claims against Defendants Christopher Pesqueda and Ruben Reyes from Contractual Claim Against Defendant Allstate Fire and Casualty Insurance Company. *See* **Exhibit D.**

5. On July 16, 2020, the Court granted Defendants' Joint Motion to Sever Negligence Claims against Defendants Christopher Pesqueda and Ruben Reyes from Contractual Claim Against Defendant Allstate Fire and Casualty Insurance Company. *See* **Exhibit E.**

### GROUNDS FOR REMOVAL

6. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

7. Plaintiff is a natural person who affirmatively alleges that he is a resident and therefore a citizen of the State of Texas. See Plaintiff's First Supplemental Petition, **Exhibit A** at ¶ 2.

8. Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of Illinois.

**B. Amount in Controversy**

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds

$75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

11. To determine the amount in controversy, the court may consider "…penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against his insurance company).

12. Here, Plaintiff's First Supplemental Petition specifically alleges: "seeking monetary relief over $100,000, but not more than $200,000." This pleading makes it facially apparent that the amount in controversy exceeds $75,000.00. See **Exhibit A at ¶ 1**. On the date of the accident August 5, 2016, Plaintiff Carlo Sanders was operating a vehicle that had an automobile policy with Defendant Allstate Fire and Casualty Insurance Company and the policy contained uninsured/underinsured motorist coverage. See **Exhibit F**. The policy for the vehicle that Plaintiff was operating at the time of the accident had uninsured/underinsured motorist coverage up to $30,000 for a single claimant and up to $60,000 for multiple claimants. See **Exhibit F**. Based on Plaintiff's automobile policy, the most that any one plaintiff could recover contractually is limited to $30,000. Plaintiff's First Supplemental Petition clearly indicates that he is seeking extra-contractual damages, bad faith, punitive damages, and attorney's fees, which

would increase Plaintiff's damages to well over the statutory threshold. See **Exhibit A at ¶ 18 - 42.** While these alleged damages are not "facially apparent" in Plaintiff's state-court petition, the potential for triple the contractual damages of $30,000 along with punitive damages and attorney's fees alone would satisfy the statutory threshold for diversity and make removal proper. *See* 28 U.S.C. § 1332(a).

13. Based on the foregoing, this Court has diversity jurisdiction.

## REMOVAL IS PROCEDURALLY PROPER

14. On July 16, 2020, the Court granted Defendants' Joint Motion to Sever Negligence Claims against Defendants Christopher Pesqueda and Ruben Reyes from Contractual Claim Against Defendant Allstate Fire and Casualty Insurance Company. *See* **Exhibit E.** This notice of removal is timely filed as it is within thirty (30) days of service of Court granting Defendants' Joint Motion to Sever Negligence Claims against Defendants Christopher Pesqueda and Ruben Reyes from Contractual Claim Against Defendant Allstate Fire and Casualty Insurance Company. The Court's Order on Defendants' Joint Motion to Sever Negligence Claims against Defendants Christopher Pesqueda and Ruben Reyes from Contractual Claim Against Defendant Allstate Fire and Casualty Insurance Company is the "other paper" that allowed Defendant to ascertain that this case had become removable. *See* 28 U.S.C. §1441(b)(3).

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as **Exhibit G**.

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

**PRAYER FOR RELIEF**

18. Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

 */s/ Joseph S. Ellis*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph S. Ellis**
State Bar No. 24109840
jellis@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty Insurance Company*

**VALDEZ & TREVIÑO,
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 14th day of August 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Israel Garcia
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, TX 78216
*Counsel for Plaintiff*

      */s/ Joseph S. Ellis*
      **Joseph S. Ellis**